FILED

2008 Sep-04  AM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS AND SHERLENE WHISENANT, on behalf of themselves and on behalf of all other Alabama citizens and entities in the State of Alabama similarly situated,** ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **Case No.: 2:08-CV-1278-VEH** |
| **AUTO-OWNERS INSURANCE COMPANY,** ) ) ) ) | |
| **Defendant.** ) | |

---

## MEMORANDUM OPINION

### I.     INTRODUCTION

Plaintiffs, Thomas and Sherlene Whisenant, on behalf of themselves and of all

other Alabama citizens similarly situated ("Plaintiffs"), initiated this class action in

the Circuit Court of Blount County, Alabama, on June 18, 2008. (Notice of Removal,

Doc. 1 at ¶ 1).   On July 18, 2008, defendant, Auto-Owners Insurance Company

("Auto-Owners") removed the case to federal court pursuant to the Class Action

Fairness Act of 2005's recent amendments to the diversity jurisdiction statute, 28

U.S.C. § 1453.   (Notice of Removal, Doc. 1). Auto-Owners premised its removal

upon diversity jurisdiction, specifically 28 U.S.C. § 1332(d).  In substance, Plaintiffs claim that Auto-Owners charged members of the class for insurance premiums that provided no benefit.  Although the Notice of Removal was timely filed, Auto-Owners did not attach <u>any</u> of the relevant state court documents to its filing.

Now before the court is Plaintiffs' Motion to Remand (Doc. 6) and Memorandum in Support (Doc. 7).  Auto-Owners submitted a Brief in Opposition (Doc. 9).  The court has considered the arguments in each of the briefs.  For the reasons discussed below, Plaintiffs' Motion to Remand is due to be **GRANTED** for the independent and alternative reasons that: (1) removal was procedurally defective; and (2) this Court lacks subject matter jurisdiction.

## II.    PROCEDURAL DEFECTS IN REMOVAL

Although CAFA changed removal procedures for class actions based on diversity jurisdiction, defendants must still generally follow the procedures set forth in the usual removal statute, 28 U.S.C. § 1446.  *See* 28 U.S.C. § 1453(b) (stating that class actions must be removed pursuant to Section 1446).  Section 1446 imposes several requirements that must be fulfilled in order to affect a valid removal. Specifically, "a defendant or defendants desiring to remove any civil action or criminal prosecution from state court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and containing a short

and plain statement of the grounds for removal, together <u>with a copy of all process,</u>

<u>pleadings, and orders</u> served upon such defendant or defendants in such action." 28

U.S.C. § 1446(a) (emphasis added).

District courts in this circuit have remanded cases in the past for similar

procedural defects. *See Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F. Supp.

2d 1290, 1300 (N.D. Ala. 2007) (remanding for failure to include state court

documents indicating service of process); *Kisor v. Collins*, 338 F. Supp. 2d 1279

(N.D. Ala. 2004) (remanding for failure to attach state court documents indicating

service of process).  Further, the same burden existing under Section 1446 also

applies to removals based on CAFA.  *See, Evans v. Walter Industries, Inc.*, 449 F.3d

1159, 1165 (11th Cir. 2006) ("CAFA does not change the well-established rule that

the removing party bears th[e] burden of proof [with regard to establishing federal

court jurisdiction]).  *See also*, *Harrington v. Mattel, Inc.*, No. 07-05110 2007 WL

4556920 at *2 (N.D. Cal. Dec. 20, 2007) (stating that plaintiffs may raise procedural

defects in CAFA removals) (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676,

685 (9th Cir. 2006) (*cited with approval* in *Evans v. Walter Industries, Inc.* and

holding that, under CAFA, the removing party bears the burden of establishing

federal court jurisdiction).

Auto-Owners' procedural defect is far more problematic than those in

*Andalusia Enterprises* and *Kisor*: rather than failing to attach some of the relevant state court documents, it failed to attach *any* of the state court documents.[1]  Without any such documents, the court cannot determine that it properly has subject matter jurisdiction, since the Eleventh Circuit's opinion in *Lowery v. Alabama Power Company*, establishes that the court may, in determining subject matter jurisdiction, only "consider[] the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."  483 F.3d 1184, 1211 (11th Cir. 2007); *see also Compass Fin. Corp. v. Marshal Investments Corp.*, No. 07-CV-0885-VEH (remanding case where no state court documents had been filed and stating that jurisdiction is either evident from the removing documents, or remand is necessary).  In short, Auto-Owners' procedural defect, standing alone, requires remand.

This Court is bound to follow the express commands of a controlling federal statute.  Judge Acker, in *Andalusia Enterprises, Inc. v. Evanston Insurance Company* stated clearly the importance of following the dictates of 28 U.S.C. § 1446(a).

This statute cannot be ignored as a mere technicality . . . . The word 'shall' is pregnant with meaning. Without repeating the arguments for

---

[1]  Auto-Owners referred to the state court documents in its Notice of Removal, but the relevant state court documents were never attached.  (Doc. 1).  Plaintiffs, in their Motion to Remand, purported to include the pleadings as an exhibit, but similarly failed to do so.  (Docs. 6, 7).  Thus, despite both parties' references to the state court pleadings, this court has no basis to establish the amount in controversy and, thus, subject matter jurisdiction.

4

> not considering realignment unless the absolute necessity for realignment appears from the removal papers, § 1446(a) not only requires certain documents to be attached, but requires a "plain statement of the grounds for removal". These words do not allow the removing defendant to rely on "grounds for removal" that can be deduced or that are not invoked by the removing defendant until after his time for removal has elapsed. Full compliance with the terms of § 1446(a) is the only way to accomplish a successful removal.

487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007).

Had Plaintiffs raised this issue in their motion to remand, the resolution of this case would be clear.  But, Plaintiffs have not raised <u>any</u> procedural defects in the Motion to Remand.  Instead, they have solely contested that the amount in controversy requirement[2] is not satisfied.  The question that the Court must now determine is whether it may consider a <u>procedural</u> defect in the absence of any argument by the Plaintiffs that removal was <u>procedurally</u> defective.

The Eleventh Circuit does not permit district courts to order remand of diversity cases *sua sponte* when the order is based on procedural defects.  In *In re Bethesda Memorial Hosp., Inc.,* 123 F.3d 1407(11th Cir. 1997), the Eleventh Circuit reversed a district court's remand order based on a procedural defect. *Id.* at 1411. The district court had considered the defect *sua sponte*, and no motion to remand had been filed by the plaintiffs.  The Eleventh Circuit reasoned that the requirement in 28

---

[2] $5,000,000 in cases subject to CAFA.  28 U.S.C. § 1332(d).

U.S.C. § 1447(c) of a timely "motion to remand" included orders of remand from the district court, and since the order remanding the case had been entered more than thirty days after the notice of removal had been filed, a *sua sponte* remand was in error. *Id.*

Subsequently, the Eleventh Circuit decided that a *sua sponte* remand of a case (based on procedural defects in removal) <u>within</u> the thirty day period after the notice of removal had been filed, but where no motion to remand had been filed, was not allowed. *See Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). In *Whole Health Chiropractic*, the court noted, "the district court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process without waiting for a party's motion." *Id.* Crucial to its holding was an understanding that a plaintiff, having initially filed its case in state court, may consent to removal and may waive certain procedural defects. *Id.*; *see also Cagle v. Norman*, No. 07-0658, 2007 WL 4105973 at *2 (S.D. Ala. Nov. 16, 2007) (noting that procedural defects may be waived by failure to file a motion to remand within thirty days).

The instant case has significantly different facts than either *In re Bethesda Memorial Hospital* or *Whole Health Chiropractic*. In this case, Plaintiffs <u>have</u> filed a timely motion to remand, but have <u>failed</u> to raise any <u>procedural</u> grounds as the

6

basis for remand.  Instead, they rely solely upon lack of subject matter jurisdiction due to insufficient amount in controversy.  (*See* Docs. 6, 7).  Thus, the question is whether this Court can base its remand order on procedural grounds which the Plaintiffs did not raise in the Motion to Remand or is such an order a forbidden *sua sponte* remand for procedural defects?  The Eleventh Circuit has already directly addressed this very issue.

In *Velchez v. Carnival Corp.*, 331 F.3d 1207 (11th Cir. 2003)*,* the court distinguished its previous holding in *Whole Health Chiropractic* by finding that it lacked jurisdiction to review remand orders based upon a procedural defect that the plaintiffs failed to raise in a motion to remand.  The district court had remanded the case based on a procedural defect unaddressed by the plaintiff's briefing.  On appeal, the Eleventh Circuit concluded that it lacked jurisdiction to hear the appeal, writing,

> "Does a remand order based upon a procedural defect different from the one asserted in the remand motion filed by a party amount to a *sua sponte* order over which we have appellate jurisdiction?  *Sua sponte* means '[w]ithout prompting or suggestion; on its own motion.' BLACK'S LAW DICTIONARY 1437 (7th ed.1999). That dictionary definition of *sua sponte* does not fit these circumstances, because the court was prompted by [the plaintiff] to remand."

331 F.3d at 1210.

Judge Carnes further noted,

When a party moves for remand, as [the plaintiff] did, that party wants

7

to go back to state court. The motion establishes that the moving party does not want to acquiesce in the federal forum despite any procedural defects. The concern we expressed in *Whole Health Chiropractic* that a *sua sponte* remand might "deprive both sides of their preferred forum" and stand in the way of a non-moving party who wanted to "acquiesce to federal jurisdiction, and forgive any of the defendant's procedural errors in removing the case," is baseless in this situation.

*Id.*, 331 F.3d at 1210 (internal citations omitted); *accord Eparvier v. Fortis Ins. Co.*, No. 07-14923, 2008 WL 2253064 at *3 (11th Cir. June 3, 2008) (recognizing that *Velchez* did not apply in a case where no motion to remand had been filed and the court relied on procedural defects alone, because the court's action was *sua sponte* and it had not been "prompted" to remand by a timely motion).

Defendant's removal was procedurally defective because it did not include the statutorily required state court documents in its notice of removal. *See* 28 U.S.C. § 1441(a). Plaintiffs indicated their desire to remain in state court by filing a motion to remand. Therefore, the Plaintiffs' motion to remand is due to be **GRANTED**, and this case is due to be **REMANDED** to the Circuit Court of Blount County, Alabama on this basis.

## III.    SUBJECT MATTER JURISDICTION

### A.    General Rules Applicable to this Case

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United

States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id*. (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the

Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted).  Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the limited exception of civil rights cases that have been removed  - orders of remand by district courts are insulated from review.  Section 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (holding that "where the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand") (citing *Briscoe v. Bell*, 432 U.S. 404, 413-14 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S.Ct. 2411, 2417(2007) (holding that when "the District Court relied upon a ground that

is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

**B.     Amount in controversy**[3]

Auto-Owners premised its removal upon this court's diversity jurisdiction. "However, when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction in certain class actions, such as the present case, is $5,000,000. 28 U.S.C. § 1332(d).

In assessing the propriety of removal, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). *Lowery*, like this case, was removed from Alabama state court to federal court based on CAFA's removal provisions. The plaintiffs sought unspecified damages from Alabama Power. To establish subject matter jurisdiction in its notice of removal, Alabama Power used

_____

[3] CAFA's diversity of citizenship requirement is not disputed or at issue in this case, therefore the court need not discuss this ground for subject matter jurisdiction.

largely inference to determine that the aggregate amount in controversy satisfied

CAFA's jurisdictional threshold.   Rejecting this as the basis for subject matter

jurisdiction, the court wrote:

> Thus, under § 1446(b), in assessing the propriety of removal, the court considers <u>the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction</u>.  This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

483 F.3d at 1213-1215 (emphasis added).

In *Lowery*, the Eleventh Circuit could not determine a means to satisfy the amount in

controversy requirement, because damages were unspecified in the complaint and

only the bare pleadings were available.  *Id.*  Without additional evidence, the court

would only be able to speculate as to the amount in controversy, and this is a practice

prohibited by strict rules limiting federal jurisdiction. *See Compass Fin. Corp. v.

Marshal Investments Corp.*, No. 07-CV-0885-VEH (N.D. Ala. 2007) (remanding case

where no state court documents were attached, since the defendants could not comply

with the express requirements of *Lowery*).

Auto-Owners argues at length that this court may consider more than the Plaintiffs' complaint (a copy of which has not been provided to the court), which in this case expressly claims that it does not seek recovery beyond CAFA's amount in controversy requirement.  (Doc. 9 at 4-10).  While this is a correct reading of *Lowery*, the opinion states that the documents must be received from the plaintiffs.  483 F.3d at 1213.  These documents can be received from state court discovery, *see id.* at 1209, n. 56, or the document could be a contract when the substantive law provides that damages are to be measured from the contract, *see id.* at 1214, n. 66.  What the court cannot do, as Auto-Owners asks the court to do here, is to speculate as to what the amount in controversy might be.  *Id.* at 1213-1214.

"[J]urisdiction is either evident from the removing documents or remand is appropriate."  *Id.* at 1211.  Auto-Owners provides the court with nothing but its Notice of Removal to rely upon in determining whether the court has subject matter jurisdiction.[4]  Without any pleadings or other documents received by Auto-Owners from the Plaintiffs to base its ruling upon, the only way to establish subject matter

---

[4] Auto-Owners evidently wants the Court to refer to an Affidavit from Hilary D. Ludema, which Auto-Owners says is attached as Exhibit 2 to the Notice of Removal.  (Doc. 1, ¶ 8; Doc. 9, p. 6).  However, there is only one attachment to the Notice of Removal, and that attachment is the Civil Cover Sheet for this case before this Court.  There simply is no Affidavit before this Court.  Therefore, the Court does not need to, and therefore does not, reach the issue of whether or not it should consider the "Affidavit."

jurisdiction would be through speculation.  This Court is not permitted to engage in such speculation.

Consequently, for **this independent and alternative reason**, Plaintiffs' Motion to Remand is due to be **GRANTED** and the case is due to be **REMANDED** to the Circuit Court of Blount County, Alabama, for lack of subject matter jurisdiction.

## IV.   CONCLUSION

Auto-Owners' Notice of Removal was procedurally defective in that Auto-Owners failed to attach any of the state court pleadings required by 28 U.S.C. § 1446(a).  Therefore, Plaintiffs' Motion to Remand is due to be **GRANTED** and this case is due to be **REMANDED** to the Circuit Court of Blount County, Alabama.

Further, the court finds that Auto-Owners has failed to establish that the amount in controversy requirement of 28 U.S.C. § 1332(d) has been met.  For this reason also, Plaintiffs' Motion to Remand is <u>independently and alternatively</u> due to be **GRANTED** and this case is due to be **REMANDED** to the Circuit Court of Blount County, Alabama.

An order consistent with this opinion will be entered.

**DONE** and **ORDERED** this the 4th day of September, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge