FILED
2008 Sep-15 PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **THOMAS AND SHERLENE WHISENANT, on behalf of themselves and on behalf of all other Alabama citizens and entities in the State of Alabama similarly situated,** | )<br>)<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) Case No.: 2:08-CV-1278-VEH |
| **AUTO-OWNERS INSURANCE COMPANY,** | )<br>)<br>)<br>) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiffs, Thomas and Sherlene Whisenant, on behalf of themselves and of all other Alabama citizens similarly situated ("Plaintiffs"), initiated this class action in the Circuit Court of Blount County, Alabama, on June 18, 2008. (Notice of Removal, Doc. 1 at ¶ 1). On July 18, 2008, defendant, Auto-Owners Insurance Company ("Auto-Owners") removed the case to federal court pursuant to the Class Action

Fairness Act of 2005's[1] amendments to the diversity jurisdiction statute, 28 U.S.C. § 1453.  (Notice of Removal, Doc. 1).  Auto-Owners premised its removal upon diversity jurisdiction, specifically 28 U.S.C. § 1332(d).  In substance, Plaintiffs claim that Auto-Owners charged members of the class insurance premiums that provided no concomitant benefit.

Previously, this Court issued a Memorandum Opinion (Doc. 11) and Order (Doc. 12) granting the Motion to Remand based in part on procedural grounds, because the required state court documents were not attached.  The court vacated the Memorandum Opinion and Order when it discovered that the state court documents had mistakenly only been omitted from the court's electronic filing system and not the conventional filing system.[2]  (Doc 15).

Having considered those conventionally-filed documents, the court again considers Plaintiffs' Motion to Remand (Doc. 6) and all related briefs.  (Docs. 7, 9 and 17).  For the reasons discussed below, Plaintiffs' Motion to Remand is due to be **GRANTED** because this Court lacks subject matter jurisdiction.

II.     **Factual History**

---

[1]  Pub. L. No. 109-2 *codified at* 29 U.S.C. §§ 1332(d), 1453.

[2]  While the electronic filing system is the official court file, the court found that the interests of justice would be served by considering the conventionally-filed pleadings that had inadvertently not been filed electronically.

Plaintiffs reside in Blount County, Alabama and were the purchasers of an insurance policy that covered multiple vehicles. (Doc. 1, Ex. 1 at ¶ 4). They purchased this policy from Auto-Owners, an insurer with its principal place of business in Michigan. (Doc. 1 at ¶ 11).

Plaintiffs instituted a purported class action on behalf of themselves and other policy holders who purchased uninsured motorist coverage on more than three vehicles. (Doc. 1, Ex. 1 at ¶¶ 1-4). Plaintiffs claim that Auto-Owners caps its liability on multi-vehicle policies and that such caps effectively make coverage worthwhile only for up to three vehicles. (Doc. 1, Ex. 1 at ¶¶ 2-5). Specifically, the insured under these multi-vehicle policies can "stack" the coverages on each vehicle to cover a single injury. (Doc. 1, Ex. 1 at ¶ 13). By limiting recovery to the "stacking" of only three vehicles under its multi-vehicle policies, Auto-Owners limits its liability. (Doc. 1, Ex. 1 at ¶ 17). Auto-Owners collected premiums from members of the proposed class despite its knowledge that it would never be required to pay more than the policy limits for three vehicles. (Doc. 1, Ex. 1 at ¶ 18). Plaintiffs claim this additional coverage was unnecessary and that Auto-Owners's practice took the insureds' premiums without actually providing any benefit. (Doc. 1, Ex. 1 at ¶ 18). Plaintiffs allege several theories of liability, including breach of contract, fraud, fraudulent suppression and concealment, unjust enrichment, as well as a claim for

declaratory and equitable relief. (Doc. 1, Ex. 1 at ¶¶ 30-46).

In their complaint, Plaintiffs did not claim a specific amount in damages, but declared that the amount was less than $4,995,000, just below the $5,000,000 jurisdictional threshold provided by 28 U.S.C. § 1332(d). (Doc. 1, Ex. 1 at ¶ 8). Plaintiffs expressly included within this limitation equitable and declaratory relief. (Doc. 1, Ex. 1 at ¶ 8).

Auto-Owners removed this case to this Court based on the diversity of citizenship provision provided by CAFA, 28 U.S.C. § 1332(d). It argues that recovery will be more than the jurisdictional threshold because: (1) in the last six years alone, Auto-Owners has collected more than $4,427,387 in uninsured motorist insurance premiums providing coverage for more than three vehicles; (2) Plaintiffs have not limited the time period for recovery; and (3) Plaintiffs' fraud claim and claim for injunctive relief would include policies more than six years old, as well as future policies. (Doc. 1 at ¶¶ 14-17). Additionally, Auto-Owners provides the affidavit of its employee, Hilary D. Ludema, who purports to substantiate the amount in premiums that Auto-Owners collected in the past and will collect in the future. (Doc. 1, Ex. 2).

## III. SUBJECT MATTER JURISDICTION

### A. General Rules Applicable to this Case

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id*. (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be

waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). These general principles apply to CAFA cases. *See generally Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006).

### B.     Amount in controversy[3]

Auto-Owners premised its removal upon this court's diversity jurisdiction. "However, when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction in certain class actions, such as the present case,

---

[3] CAFA's diversity of citizenship requirement is not disputed or at issue in this case, therefore the court need not discuss this ground for subject matter jurisdiction.

is $5,000,000.  28 U.S.C. § 1332(d).

In support of this case remaining in federal court, Auto-Owners advances two arguments.  First, it argues that Plaintiffs cannot limit the amount in controversy by declaring that there is no recovery beyond $4,995,000. (Doc. 1, Ex. 1at ¶ 8). Next, Auto-Owners argues that it has submitted evidence establishing the propriety of removal in its removing documents, which consist of the notice of removal, state court complaint, and an affidavit.  (Doc. 1, Ex's. 1-2).

1. <u>Plaintiffs' declaration as to the amount in controversy</u>

There are no cases from the Eleventh Circuit stating that a plaintiff may avoid federal jurisdiction by disclaiming recovery beyond the amount in controversy. Previously, the Eleventh Circuit has assumed in its jurisdictional analysis (prior to CAFA) that the amount in controversy in a class action was less than the jurisdictional amount when the plaintiffs attempted to limit damages, but the court never reached firm conclusion on this point.  *Davis v. Carl-Cannon Chevrolet-Olds*, 182 F.3d 792, 793 (11th Cir. 1999).  Some district courts in this circuit have recognized that a complaint disclaiming damages beyond a specified amount is "strong evidence" of the amount in controversy. *See Cleveland v. Ark-La-Tex Financial Serv., LLC*, 2007 WL 2460753 at *3 (S.D. Ala., Aug. 24, 2007) (citing *Berry v. American Express Publ, Corp.*, 381 F.Supp.2d 1118 (C.D. Cal. 2005). Other

courts have accepted the limitation outright, requiring the defendant to submit evidence proving otherwise. *See, e.g.*, *Eufaula Drugs, Inc. v. Scripsolutions*, No. 05-cv-0370, 2005 WL 2465746 at *6 (M.D. Ala., Oct. 6, 2005) (accepting representation by plaintiff that amount in controversy was less than $75,000); *Chapman Funeral Home, Inc. v. National Linen Serv.*, 178 F. Supp. 2d 1247, 1250 (M.D. Ala. 2002) (accepting limitation of amount in controversy as to damages, but finding that injunctive relief pushed the amount in controversy beyond the jurisdictional threshold)[4]; *Hooks v. Associates Fin. Serv., Co.,Inc.*, 966 F.Supp. 1098, 1101 (M.D. Ala. 1997) (allowing class plaintiffs to limit the amount in controversy by disavowing damages over the jurisdictional threshold, because plaintiffs did not request punitive damages).

Outside of the Eleventh Circuit, several circuit courts have addressed this issue, and all seem to have recognized that disclaiming damages is not determinative of the amount of controversy, but it is evidence of the amount in controversy that defendants must overcome to a "legal certainty." *See, e.g.*, *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) ("It is well established that the

---

[4] Plaintiffs in this case have expressly declared that the aggregate recovery, <u>including</u> equitable and declaratory relief, will be less than CAFA's jurisdictional amount. (Doc. 1, Ex. 2 at ¶ 8 ("Plaintiff [sic] on behalf of themselves and the putative class, states [sic] that the total damages for the entire class, including equitable relief and monetary damages are $4,995,000 or less, and under no circumstances will the total damages, including equitable relief and monetary damages, for Plaintiff [sic] and the entire class, in the aggregate, exceed $4,995,000.").

plaintiff is 'master of [his] complaint' and can plead to avoid federal jurisdiction. Accordingly, subject to a 'good faith' requirement in pleading, a plaintiff may sue for less than the amount [he] may be entitled to if [he] wishes to avoid federal jurisdiction and remain in state court."); *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 998-99 (9th Cir.2007) (recognizing in a CAFA case that plaintiffs may disclaim damages beyond the jurisdictional threshold, creating a presumption that the amount in controversy requirement is not satisfied, but that defendants may overcome this burden by proving to a "legal certainty" that the statutory requirements are satisfied); *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007) (allowing plaintiff to limit the amount in controversy, but stating that defendants may submit evidence showing to a "legal certainty" that the amount in controversy exceeds the statutory threshold); *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (stating that the plaintiff is "master of her own claim," but noting that defendant has the opportunity to prove the actual amount in controversy through the legal certainty test, which is entwined with the "good faith requirement" in pleading); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties . . . . Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction.") (cited with

approval on the separate, but related, issue of the burden of proof in CAFA cases by the Eleventh Circuit in *Miedema v. Maytag Corp.*, 450 F.3d at 1329) . Thus, under these cases, when plaintiffs declare a specific amount in controversy, there is a presumption that, as master of the complaint, this declaration is the amount in controversy. *Lowdermilk*, 479 F.3d at 998-999.

The standard adopted by other circuits conform to previous holdings of the Eleventh Circuit. In *Miedema v. Maytag Corp.*, the Eleventh Circuit found that, under CAFA, the burden of proof remained on the defendant as to jurisdictional issues. 450 F.3d at 1329. In *Lowery v. Alabama Power Company*, 450 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit held that when damages are <u>unspecified</u>, the defendant must satisfy its burden, by demonstrating by a preponderance of the evidence, that the jurisdictional amount is satisfied; the Eleventh Circuit has also held that when a complaint specifies damages, the "legal certainty" standard must be satisfied in order for a defendant to overcome the plaintiff's pleading. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095-1096 (11th Cir. 1994); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir.1996) *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir.2000).

While, as discussed *supra*, this Court has discovered no Eleventh Circuit precedent explicating whether a plaintiff's limitation of his or her damages constitutes

"unspecified" damages triggering the "preponderance of the evidence standard, ore are "specified" damages, triggering the "legal certainty" standard, the court is persuaded by the cases discussed *supra* that such a limitation triggers the "legal certainty" standard.  In *Lowdermilk* , 479 F.3d 994, the plaintiff in a CAFA case stated that damages were "less than five million dollars." *Id.* at 998. The Ninth Circuit found that such a statement was a "specific" amount in damages that was less than the jurisdictional threshold. *Id.* Ultimately, the court held that the defendants had to satisfy the legal certainty test in proving jurisdiction. *Id.* at 999.

The reasoning in *Lowdermilk* and other non-CAFA cases discussing limitation by the plaintiff on his or her damages are convincing.  While Plaintiffs have not claimed a specific dollar amount, no matter what that specific number amounts to, it will be less than $4,995,000. (Doc. 1, Ex. 1 at ¶ 8). Additionally, because Plaintiffs have chosen to limit their recovery, Plaintiffs would be judicially estopped from later seeking additional damages. *See* 507 F.3d at 1002.[5]  Thus, since Plaintiffs have specified that the amount in controversy is less than the jurisdictional threshold, Auto-Owners must prove to a legal certainty that the amount in controversy is more

---

[5] The court wonders, but need not answer, whether such a limitation on damages in this case makes class certification inappropriate.

than the Plaintiffs claim.[6]

## 2. Evidence submitted by Auto-Owners

In assessing whether removal was proper, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211. *Lowery*, like this case, was removed from Alabama state court to federal court based on CAFA's removal provisions. The *Lowery* plaintiffs sought unspecified damages from Alabama Power. To establish subject matter jurisdiction in its notice of removal, Alabama Power used largely inference to determine that the aggregate amount in controversy satisfied CAFA's jurisdictional threshold. Rejecting this as the basis for subject matter jurisdiction, the court wrote:

> Thus, under § 1446(b), in assessing the propriety of removal, the

---

[6] Even if the court adopted the preponderance of the evidence standard, it is unclear how this would actually differ in application. The court in *Lowery* adhered to the preponderance of evidence standard, but recognized that its application was clumsy when the court had a limited universe of evidence to consider. *Lowery v. Alabama Power Co.* 483 F.3d 1184, 1211 (11th Cir. 2007)

> If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate. Significantly, if a defendant can only carry the burden of establishing jurisdiction under these circumstances, then the defendant could have satisfied a far higher burden than preponderance of the evidence [such as the legal certainty test, which is cited in a footnote at this point in the opinion].

>court considers <u>the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction</u>. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

483 F.3d at 1213-1215 (emphasis added).

Auto-Owners argues at length that this court may consider more than the Plaintiffs' complaint, which in this case expressly claims that it does not seek recovery beyond CAFA's amount in controversy requirement. (Doc. 9 at 4-10). While this is a correct reading of *Lowery*, that opinion states that the documents must be <u>received from the plaintiffs</u>. 483 F.3d at 1213. These documents can be received through state court discovery, *see id.* at 1209, n. 56, or the document could be a contract when the substantive law provides that damages are to be measured from the contract, *see id.* at 1214, n. 66. What the court cannot do, as Auto-Owners asks the court to do here, is to speculate as to what the amount in controversy might be. *Id.* at 1213-1214.

Auto-Owners has relied on nothing received from the Plaintiffs to establish

that the amount in controversy exceeds CAFA's threshold. It argues that it collected premiums for "uninsured motorist coverage" amounting to more than four million dollars between 2001 and 2007. (Doc. 9 at 11).[7] Auto-Owners also state "[f]or years prior to 2001 . . . Auto-Owners collect[ed] approximately $700,000 a year in uninsured motorist premiums on multi-vehicle policies concerning more than three vehicles." *Id.*[8] will collect more than $700,000 in premiums in 2008 and claims that it will collect at least that in the following years. (Doc. 9 at 11). In support of these claims, it offers only the affidavit of an employee. (Doc. 1, Ex. 2). Plainly, this is not the type of evidence that the court can rely upon in establishing the amount in controversy, since it was <u>not received from the plaintiff</u>. *See Thrift Auto-Repair v. U.S. Bancorp*, No. 07-cv-1051, 2007 WL 2788465 at *2 (N.D. Ga. September 21, 2007) (finding that a defendant had not established the jurisdictional amount when it only submitted the affidavit of its employee)(quoting *Lowery*, 483 F.3d at 1213 ("under § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or

---

[7] Notably, Auto-Owners does <u>not</u> aver that the uninsured motorist premiums collected during these years were on "multi-vehicle policies covering more than three vehicles." However, the affidavit attached to the Notice of Removal does so aver. (Doc. 1, Ex. 2).

[8] Again, Auto-Owners does <u>not</u> aver that <u>these</u> premiums are for such coverage on multi-vehicle policies concerning more than three vehicles. However, the affidavit attached to the Notice of Removal does so aver. (Doc. 1, Ex. 2)

a later received paper - and determines whether that document and the notice of removal unambiguously establish federal jurisdiction.")).

Therefore, Plaintiffs' Motion to Remand is due to be **GRANTED** and the case is due to be **REMANDED** to the Circuit Court of Blount County, Alabama, for lack of subject matter jurisdiction.

### IV.  CONCLUSION

Auto-Owners has failed to establish that the amount in controversy requirement of 28 U.S.C. § 1332(d) has been met. Therefore, Plaintiffs' Motion to Remand is due to be **GRANTED** and this case is due to be **REMANDED** to the Circuit Court of Blount County, Alabama.

An order consistent with this opinion will be entered.

**DONE** and **ORDERED,** this the 15th day of September, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge